1  PAUL E. LEE, SBN 117453
   414 South Marengo Ave.
2  Pasadena, CA 91101-3113
3  Tel: (626) 440-5971 Fax: (866) 853-2197

```
FILED
DEC 09 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk
```

4  GUY A. LEEMHUIS,  SBN 208098
5  5601 West Slauson Ave., Ste 244
   Culver City, CA 90230
6  Tel: (310) 215-8720 Fax: (310) 215-8728

7

8  Attorneys for Grover Burnett Jr., Conservator
   of the Person and Co-Conservator of the
9  Estate of Grover Burnett Sr.

10

11              UNITED STATES BANKRUPTCY COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                    **BY FAX**

14  MARCUS J. SAMPSON II,          ) CASE NO.  **2:08-BK-25932-SB**
                                   ) Chapter 7
15         Debtor,                 )
16                                 )
                                   )
17  _____       )
                                   )
18  GROVER BURNETT JR.,            ) Adv. Proc. No. _____
    Conservator of the Person and Co- )
19  conservator of the Estate of Grover ) **COMPLAINT  TO  DETERMINE**
    Burnett Sr.,                   ) **INTERESTS  AND  ESTABLISH**
20                                 ) **CONSERVATORSHIP ESTATE'S**
21         Plaintiff,              ) **OWNERSHIP  OF  AND  QUIET**
                                   ) **TITLE TO REAL ROPERTY AND**
22  vs.                            ) **DIRECTING  ITS  TRANSFER  TO**
23                                 ) **ESTATE, AND FOR INTEREST**
                                   ) **AND DAMAGES.**
24  MARCUS J. SAMPSON II,          )
25                                 ) **DEMAND FOR JURY TRIAL**
           Defendants.             )
26                                 )
27  _____       )

28

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson - LA-2:08-BK-25932-SB

Plaintiff GROVER BURNETT JR., Conservator of the Person and Co-conservator of the ESTATE OF GROVER BURNETT SR., for Plaintiff's Complaint against the defendant alleges:

1.      Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of Debtor/Defendant MARCUS J. SAMPSON II, filed on September 26, 2008 and presently pending before this court. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §1409(a).

3.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) as this proceeding relates to the size, content and nature of the estate therefore effecting the administration of the estate.

4.      This is an adversary proceeding in which GROVER BURNETT SR., an individual whose age is 72 years (Conservatee) is the equitable and beneficial owner of the real property described in this complaint alleged by defendant to be part of the bankruptcy estate.

5.      Plaintiff brings this action on behalf of the Conservatee to quiet title and eject defendant, the bankruptcy estate and all those who have recorded documents or otherwise caused a cloud upon the Conservatee's title to the subject real properties related to any purported transfer or conveyance of title or any interest in any of said properties by or aided by defendant. Plaintiff also seeks damages for the fraudulent representations, fraud, and forgeries committed by defendant.

6.      Conservatee is the equitable and beneficial owner of the following parcels of real property alleged by defendant to be part of the bankruptcy estate:

/ / /

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA. CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 2

A.    Real property located at 1408 West 62nd Street, Los Angeles, CA 90003, more particularly described as follows: TRACT # 5687 Lots 117 in the office of the County Recorder of said County. Assessor's Parcel Number 6002-026-025. (1408 West 62nd Street property).

B.    Real property located at 9051 (aka 9049) South Normandie, Los Angeles, CA 90044, more particularly described as follows: TRACT NO 6440 EX OF STS LOT 181 in the office of the County Recorder of said County. Assessor's Parcel Number 6037-021-013 (9051 South Normandie property).

C.    Real property located at 1214 East 99th Street. Los Angeles, CA 90002, more particularly described as follows: Lot 173 and 174 of York Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 8, Page(s) 75 of Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6049-021-014 (1214 East 99th Street property).

D.    Real property located at 9330 Parmelee Avenue, Los Angeles, CA 90002, more particularly described as follows: Lot 18 of Block "C", Tract 5671, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 66 Page (s) 84 and 85 of maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6049-008-026 (9330 Parmelee Ave. property).

E.    Real property located at 1414 West 54h Street, Los Angeles, CA 90062, more particularly described as follows: The East 32 Feet of Lot 4 in Block "E" of Western Avenue Park Tract, in the City of

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 3

Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 11, Page 72 of Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 5003-0 17-003 (1414 West 54th Street property).

F.    158 W. 81st St. Los Angeles, CA, more particularly described as follows: Ingham's Main St And Moneta Ave Tract W 50 Ft of N 133.33 Ft of Lot Blk 2 , Assessor's Parcel Number 6031-030-023 (158 W. 81st St. property).

G.    11410-12 S. Berendo Ave.  Los Angeles, CA, more particularly described as follows: Amended Map of Athen Heights Lot 43, Assessor's Parcel Number 6079-020-003 (11410-12 S. Berendo Ave. property).

Conservatee is also the equitable and beneficial owner of the following parcels of real property in which defendant claims or claimed an interest but failed to schedule as part of the bankruptcy estate:

J.    Real property located at 3910 Walton Ave, Los Angeles, CA 90037, more particularly described as follows: REMICK PLACE LOT 3 in the office of the County Recorder of said County. Assessor's Parcel Number 5037-020-021 (3910 Walton Ave. property).

K.    Real property located at 426 East 84th Place, Los Angeles, CA 90003, more particularly described as follows: Tract No 26, Lot 41, Block 10 in the office of the County Recorder of said County. Assessor's Parcel Number 6030-027-023 (426 East 84th Place property).

L.    Real property located at 1814 West 65" Place, Los Angeles, CA 90047, more particularly described as follows: TRACT # 6596

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE
PASADENA, CA 94101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 4

East 37 Feet of Lot 242 as recorded in Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6016-011-012 (1814 West 65th Place property).

M.   Real property located at 625 West 74th Street, Los Angeles, CA 90044, more particularly described as follows: Lot (s) 88 of Figueroa Boulevard Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 10, Page(s) 132 of Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6020-025-029 (625 West 74th Street property).

N.   Real property located at 634 110th Street, Los Angeles, California 90044, more particularly described as follows: Lot 171 of Tract No. 2273 in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 23 Page(s) 130 and 13 1 of Maps in the Office of the County Recorder of Los Angeles County. Assessor's Parcel Number 6075-017-006 (634 110th Street property);

O.   Real property located at 6706 6th Avenue, Los Angeles, California 90043, more particularly described as follows: Lot 2 in Block 3 of Tract No. 5452 in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 60 Page(s) 74 of Maps filed in the Office of the County Recorder of Los Angeles County. Assessor's Parcel Number 4008-013-002 (6706 6th Ave. property).

P.   Real property located at 5349 Brynhurst Avenue, Los Angeles, California 90043, more particularly described as follows: Lot 189 of Tract No. 91 1 in the City of Los Angeles, County of Los

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9101

Angeles, State of California, as per map recorded in Book 16
Page(s) 188 of Maps in the Office of the County Recorder of Los
Angeles County. Assessor's Parcel Number 5007-001-010.
(5349 Brynhurst Ave.).

(collectively, the Real Property).

6.    Conservatee is the victim of fraudulent acts by defendant whereby defendant fraudulently obtained or caused others to obtain purported title to Conservatee's Real Property and in turn conveyed or caused to be conveyed purported title, mortgages and/or other liens in Conservatee's Real Property to others.

7.    Plaintiff GROVER BURNETT JR. (Conservator) is the court-appointed Conservator of the Person and Co-conservator of the estate of GROVER BURNETT SR. (Conservatee) pursuant to an order of the Probate Department of the Los Angeles Superior Court issued on August 28, 2006 in the Matter of the Conservatorship of Grover Burnett, Sr., Los Angeles Superior Court case no. BP 096574 (Conservatorship) which among other things grants him power and authority to commence and defend litigation on behalf of the estate. Conservatee is the equitable and beneficial owner of real property described in this Complaint. As Conservator of the Person and Co-conservator of the Conservatee's Estate, the equitable and beneficial owner of the subject properties, Plaintiff has standing to bring this suit on the behalf of Conservatee which is a creditor and claims a beneficial and equitable interest in real property purported to be a part of the bankruptcy estate of defendant MARCUS J. SAMPSON II.

8.    Defendant MARCUS J. SAMPSON II (defendant or debtor) is the debtor in this chapter 7 case (bankruptcy).

9.    The basis of Estate's title is that prior to the acts alleged in and

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE
PASADENA, CA 91101

within four years of the filing of this complaint, GROVER BURNETT SR. (Conservatee) was seized and possessed and was the sole owner in fee simple of the above-described Real Property and that defendant falsely and fraudulently obtained from Conservatee a purported claim or interest in the said Real Property as alleged herein.

**COUNT I – QUIET TITLE**

10. Prior to 2003 Conservatee was a successful professional real estate broker. Prior to or in or about early 2003 Conservatee's health began to decline and his condition steadily worsened to the point that he was unable to care for himself. Conservatee's continuous daily behavior exhibited signs of pronounced dementia including without limitation memory loss and confusion that progressively worsened.

11. In August 2004 Conservatee was diagnosed with Alzheimer's disease requiring 24 hour supervision and care. Conservatee was prescribed dementia medication for the treatment of Alzheimer's disease.

12. As a result of his Alzheimer's disease and dementia attendant thereto Conservatee lacked the capacity to manage his property and affairs or to give informed consent with respect thereto.

13. Prior to the onset of Conservatee's dementia resulting from his Alzheimer's disease defendant had been a long time acquaintance of Conservatee and was employed by Conservatee in position of trust as a property manager with access to Conservatee's books, records, property and assets.

14. Subsequent to the onset of Conservatee's dementia and prior to commencement of the conservatorship, defendant gained control of Conservatee's property, assets and finances without the consent of Conservatee.

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 7

15.    Defendant was able to gain control of Conservatee's property, assets and finances by pretending to assist Conservatee with his financial affairs but in actuality defendant, in collusion with others, was systematically converting all or nearly all of Conservatee's assets and property for his own use and benefit and that of others.

16.    In furtherance of the scheme to defraud Conservatee and convert Conservatee's assets and property for their own benefit and use defendant and others caused the Real Property to be transferred to himself and/others for no or inadequate consideration. Certain parcels of the Real Property were then re-sold a short time later at substantial profit.

17.    As a direct and proximate result thereof defendant's purported claim of an interest in the Real Property is unsupported by adequate or any consideration and materially fails and is insufficient to support said purported claim of interest. As a direct and proximate result, Conservatee has been and will continue to be damaged in an amount not as yet ascertained.

18.    At all relevant times defendant knew, should have known or with reasonable care would have known that Conservatee lacked the capacity to give informed consent with respect to the transfer of his assets and Real Property and took advantage of Conservatee's diminished capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto by systematically converting Conservatee' s assets and property for their own benefit and use and that of others.

19.    Among other acts in furtherance of defendant's scheme to defraud Conservatee and convert Conservatee's assets and property for his own benefit and use and that of others, defendant aided, abetted and conspired with Conservatee's nephew to cause three parcels of

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 8

Conservatee's real property to be transferred for no or inadequate consideration; two of the parcels of Conservatee's real property were again transferred to others a short time later at substantial profit. At all relevant times defendant and Conservatee's nephew acted as caretakers for Conservatee and had actual personal knowledge of Conservatee's diminished capacity as a result of his Alzheimer's disease and dementia attendant thereto prior to and at the time of the Real Property transfers described herein.

20.    Defendant and the bankruptcy estate claim an interest adverse to Conservatee in one or more of the above-described parcels of the Real Property as a purported record owner, lien holder, assignee and/or successor of Conservatee and/or fraudulently transferred or caused to be transferred such and interest to others.

21.    The signatures on documents purporting to effectuate the conveyance of Conservatee's Real Property to defendant and others are the result of forgery and are not the actual signature of Conservatee. Numerous said documents were notarized by the same notary who acted in collusion with defendant Sampson. Further most if not all the transactions were also handled by the same escrow company which also acted in collusion with defendant.

22.    Conservatee did not knowingly execute any documents with the intent to transfer any interest in Conservatee's Real Property to defendant or anyone else.

23.    Conservatee did not authorize defendant or anyone else to execute any documents on his behalf including any document effectuating any transfer or conveyance of any purported title, mortgages and/or other liens in Conservatee's Real Property to defendant or anyone else or to

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 9

accept, receive or transfer any funds or proceeds therefrom.

24.    The actions of defendant as alleged herein were done with the intent to permanently deprive Conservatee of his ownership, title and interest in the Real Property and to obtain such ownership, title and interest in the Real Property or the monetary value thereof for defendant's own use and benefit and/or that of others procured through fraud and forgery and as such are and void and did not convey title.

25.    Any purported subsequent conveyance or document relying upon a fraudulent or forged deed in its chain of title is null and void and does not convey any interest in the property, regardless of whether the interest holder is innocent, paid valuable consideration, or is without notice of the fraudulent acts. Any such subsequent conveyances by, from or to or participated in by defendant his successors and assigns are also out of the chain of title and of no effect and do not attach to Conservatee's Real Property as defendant and others acting in concert with defendant did not acquire any interest in Conservatee's Real Property.

26.    Plaintiff seeks to determine the interests and establish conservatorship estate's ownership of and quiet title to Real Property and obtain an order directing its transfer to estate, and for interest and damages. The purported claims of defendant and others adverse to Conservatee in one or more of the above-described parcels of the Real Property constitute a cloud on Conservatee's title and are without any right whatever and defendant and such others have no right, title, estate, lien, or interest whatever in the Real Property or any part thereof.

27.    Plaintiff seeks to quiet title to the Real Property as of the date on which Conservatee lacked the capacity to give informed consent with respect to the transfer of his assets and Real Property as a result of his diminished

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE
PASADENA, CA 91101

capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto.

28.    Unless title to the Real Property is quieted in Conservatee and defendant and others are enjoined from asserting their purported adverse claims to Conservatee's property, defendant and others will continue to assert said claims and will cause irreparable harm, damage and injuries in that Conservatee's Real Property will subject to said claim.

29.    Conservatee has no clear, adequate or speedy remedy at law or otherwise for the harm done and threatened to be done by defendant as alleged herein. Conservatee cannot adequately be compensated for his injuries in an action at law. The amount of damages Conservatee will sustain as a result of the acts of Respondents as alleged herein is not susceptible to accurate calculation.

30.    As a direct and proximate result of the above-alleged conduct of Respondents, Conservatee has suffered damages in an amount according to proof.

WHEREFORE Plaintiff seeks the following relief:

A.    A declaration that any purported interest in any of the Real Property described in this complaint alleged to be that of defendant and/or the bankruptcy estate, if any, was obtained by fraud and/or undue influence and conveys no title or other interest in any of said Real Property.

B.    A declaration that any purported transfer or conveyance of title or any interest in any of the Real Property described in this complaint by or aided by defendant conveys no mortgage or other interest in any of said real Property.

C.    A declaration that any person or entity whose purported interest

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 11

in the Property arises from any purported transfer or conveyance of title or any interest in any of the Real Property described in this complaint by or aided by defendant conveys no title or other interest in the Real Property.

D.    An order quieting title declaring that GROVER BURNETT SR./ ESTATE OF GROVER BURNETT SR. is in fact the legal title holder to the Real Property described in this complaint and that defendant and the bankruptcy estate have no right, claim or title therein.

E.    A judgment in favor of Conservatee and the Conservatorship and against defendant for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

F.    A judgment in favor of Conservatee and the Conservatorship and against defendant Assessing double damages against Respondents and in favor of the estate pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

**COUNT II - EJECTMENT**

31.    Plaintiff realleges all previous paragraphs of this complaint and incorporates them by reference at this point as though they were fully realleged herein.

32.    Defendant is a trespasser and is not entitled to possession of the Real Property described in this Complaint.

33.    Plaintiff is entitled to quiet enjoyment of the Real Property described in this complaint as against defendant and the bankruptcy estate and further entitled to possession of the Real Property described in this Complaint pursuant to its equitable and beneficial interest in said properties.

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 12

WHEREFORE Plaintiff seeks the following relief:

A.    A declaration that any purported interest in any of the Real Property described in this complaint alleged to be that of defendant and/or the bankruptcy estate, if any, was obtained by fraud and/or undue influence and conveys no title or other interest in any of said Real Property.

B.    A declaration that any purported transfer or conveyance of title or any interest in any of the Real Property described in this complaint by or aided by defendant conveys no mortgage or other interest in any of said real Property.

C.    A declaration that any person or entity whose purported interest in the Property arises from any purported transfer or conveyance of title or any interest in any of the Real Property described in this complaint by or aided by defendant conveys no title or other interest in the Real Property.

D.    An order quieting title declaring that GROVER BURNETT SR./ ESTATE OF GROVER BURNETT SR. is in fact the legal title holder to the Real Property described in this complaint and that defendant and the bankruptcy estate have no right, claim or title therein.

E.    An order ejecting defendant and the bankruptcy estate from possession of the Real Property described in this complaint and granting Plaintiff possession to the exclusion of defendant and the bankruptcy estate.

F.    A judgment in favor of Conservatee and the Conservatorship and against defendant for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

/ / /

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 13

G.    A judgment in favor of Conservatee and the Conservatorship and against defendant assessing double damages against Respondents and in favor of the estate pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

**COUNT III - INJUNCTION**

34.    Plaintiff realleges all previous paragraphs of this complaint and incorporates them by reference at this point as though they were fully realleged herein.

35.    Each parcel of the Real Property described in this complaint is unique in and of itself and its loss does not have an adequate remedy at law.

36.    Plaintiff is entitled to possession of the Property and defendant is a trespasser with no right of possession to the Real Property described in this complaint.

37.    Defendant has no right, title or interest in the Real Property described in this complaint and has no right to encumber, liquidate, transfer or convey any interest or title under any circumstance.

WHEREFORE Plaintiff seeks the following relief:

A.    An order entering a temporary restraining order and preliminary injunction against defendant restraining and enjoining the defendant from entering any of the Real Property described in this complaint.

B.    An order entering a temporary restraining order and preliminary injunction against all defendant restraining and enjoining defendant from marketing any of the Real Property described in this complaint for sale, filing or continuing any action to foreclose upon any security interest in the Property, conveying any interest whatsoever in any of said real property to anyone other than Plaintiff.

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 14

C.    A judgment in favor of Conservatee and the Conservatorship and against defendant for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

D.    A judgment in favor of Conservatee and the Conservatorship and against defendant Assessing double damages against Respondents and in favor of the estate pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

## COUNT IV - FRAUD

38.    Plaintiff realleges all previous paragraphs of this complaint and incorporates them by reference at this point as though they were fully realleged herein.

39.    At all relevant times prior to and at the time defendant gained control and purported title to Conservatee's Real Property as alleged herein, as a result of the onset and progression of his Alzheimer's disease and dementia attendant thereto Conservatee lacked the mental capacity to manage his property and affairs or to give informed consent with respect thereto or to knowingly transfer or consent to the transfer of any of the Real Property as described herein.

40.    At all relevant times prior to and at the time defendant gained control and purported title to Conservatee's Real Property as alleged herein, defendant was a trusted employee of Conservatee and also acted as caretaker to Conservatee. Defendant held a position of trust with unfettered access to manage and control Conservatee's personal and financial affairs and business and personal books and records including without limitation

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 15

records pertaining to the Real Property despite Conservatee's lack of consent thereto.

41.    By virtue of defendant's position of trust and Conservatee's lack of mental capacity to manage his property and affairs or to give informed consent with respect thereto as a result of the onset and progression of his Alzheimer's disease and dementia attendant thereto, defendant owed a fiduciary duty to Conservatee with respect to management and protection of Conservatee's personal and business financial and other affairs including without limitation the Real Property.

42.    Defendant breached said duty to Conservatee by taking control of Conservatee's personal and business financial and other affairs including gaining control and purported title to Conservatee's Real Property as alleged herein without Conservatee's knowledge or consent and despite that such was not the true intent of Conservatee whose free will was overcome by fraud and the undue influence exerted over Conservatee by defendant.

43.    The fraud and undue influence exerted over Conservatee by defendant, on information and belief, consisted of defendant taking control of Conservatee's personal and business financial and other affairs including gaining control and purported title to Conservatee's Real Property as alleged herein without Conservatee's knowledge or consent and despite that such was not the true intent of Conservatee as follows:

a.    At the defendant obtained control and purported title to Conservatee's Real Property as alleged herein Conservatee was 72 years of age at the time and was suffering from, among other ailments, dementia, causing severe memory loss, incoherence, and an inability to manage his property and affairs. Conservatee was infirm and in a weak and diminished mental and physical condition.

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 16

b.    Defendant assisted by Conservatee's nephew became the caretaker and self- designated decision maker for Conservatee for a period of not less than two years, prior, up to and including the time of the purported acquisition by defendant of Conservatee's Real Property.

c.    At all relevant times prior to and at the time defendant gained control and purported title to Conservatee's Real Property as alleged herein, Conservatee reposed trust, confidence and reliance in defendant and defendant exercised ostensible authority over the affairs and actions of Conservatee as well as a controlling influence over the mind and actions of Conservatee to such an extent Conservatee involuntarily and/or without his knowledge and consent surrendered his free will to defendant.

d.    Taking advantage of his position of trust, confidence, knowledge and influence, along with the Conservatee's weakened and diminished mental and physical condition, diminished mental capacity and inability to manage his financial affairs and property, defendant controlled and dictated the terms of the purported acquisition by defendant of Conservatee's Real Property, and caused documents purporting to effectuate such acquisitions to be executed. At all such time Conservatee was wholly under the influence and control of defendant and none of the purported conveyances of title to Conservatee's Real property to Defendants and others were free and voluntary acts of the Conservatee but were effectuated by the control and undue influence of defendant.

e.    The signatures on documents purporting to effectuate the conveyance of Conservatee's Real Property to defendant and others are the result of forgery and are not the actual signature of Conservatee. Numerous said documents were notarized by the same notary who acted in collusion with defendant Sampson. Further most if not all the transactions were also

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 17

handled by the same escrow company which also acted in collusion with defendant.

f.    Conservatee did not knowingly execute any documents with the intent to transfer any interest in Conservatee's Real Property to defendant or anyone else.

g.    Conservatee did not authorize defendant or anyone else to execute any documents on his behalf including any document effectuating any transfer or conveyance of any purported title, mortgages and/or other liens in Conservatee's Real Property to defendant or anyone else or to accept, receive or transfer any funds or proceeds therefrom.

h.    Defendant obtained or caused others to obtain purported title to Conservatee's Real Property and in turn conveyed or caused to be conveyed purported title, mortgages and/or other liens in Conservatee's Real Property to others without any prior notice to or consent from Conservatee who by virtue of Conservatee's diminished capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto could not and did not receive such notice or give such consent.

44.    The actions of defendant as alleged herein were done with the intent to permanently deprive Conservatee of his ownership, title and interest in the Real Property and to obtain such ownership, title and interest in the Real Property or the monetary value thereof for defendant's own use and benefit and/or that of others.

45.    As a direct result of the actions of defendant in fraudulently depriving Conservatee of his ownership, title and interest in the Real Property as alleged herein Conservatee has been divested and deprived of such ownership, title and interest and has incurred substantial damages

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 18

including without limitation the loss of the Real Property, loss of proceeds from the encumbrance or sale of the Real Property, incurring expenses for his care and medical treatment that would have otherwise bee paid by Conservatee from  the value and process of the Real Property, attorney's fees in prosecuting an action to recover his Real Property in the Conservatorship and attorney's fees prosecuting this Adversary Proceeding.

WHEREFORE, Plaintiffs seek the following relief:

A.    A judgment in favor of Conservatee and the Conservatorship and against defendant for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

B.    A judgment in favor of Conservatee and the Conservatorship and against defendant Assessing double damages against Respondents and in favor of the estate pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

## COUNT V – VIOLATION OF CALIFORNIA ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT

46.    Plaintiff realleges all previous paragraphs of this complaint and incorporates them by reference at this point as though they were fully realleged herein.

47.    Defendant obtained or caused others to obtain purported title to Conservatee's Real Property and in turn conveyed or caused to be conveyed purported title, mortgages and/or other liens in Conservatee's Real Property to others without adequate or any consideration and without any prior notice to or consent from Conservatee who by virtue of Conservatee's diminished

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 19

1  capacity and inability to manage his property and affairs or to give informed
2  consent with respect thereto as a result of his Alzheimer's disease and
3  dementia attendant thereto could not and did not receive such notice or give
4  such consent.

5       48.    The actions of defendant as alleged herein were done with the
6  intent to permanently deprive Conservatee of his ownership, title and interest
7  in the Real Property and to obtain such ownership, title and interest in the
8  Real Property or the monetary value thereof for defendant's own use and
9  benefit and/or that of others.

10      49.    In so acting defendant violated the Elder Abuse and Dependent
11 Adult Civil Protection Act by taking financial advantage of Conservatee by
12 taking, hiding, appropriating and/or retaining and/or assisting in taking,
13 hiding, appropriating and/or retaining Conservatee's Real Property and/or the
14 proceeds therefrom.

15      50.    At all relevant times Conservatee was 65 years of age or older
16 and/or a dependent adult.

17      51.    Defendant took, hid, appropriated and/or retained and/or
18 assisted in taking, hiding, appropriating and/or retaining Conservatee's Real
19 Property for a wrongful use and purpose and with the intent to defraud.

20      52.    Conservatee was seriously and substantially and seriously
21 harmed by the actions of defendant as alleged herein in that as direct result
22 thereof Conservatee was deprived of his ownership, title and interest in the
23 Real Property and/or the monetary value or proceeds thereof for defendant's
24 own use and benefit and/or that of others.

25      53.    Defendant's conduct was a substantial factor in causing
26 Conservatee's harm.

27

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 20

54.    At all relevant times Conservatee had all right and title to the Real Property and to have the Real Property and the value and proceeds therefrom made readily available to him.

55.    At all relevant times defendant knew or should have known that Conservatee had these rights.

WHEREFORE Plaintiff seeks the following relief:

A.    An order entering a temporary restraining order and preliminary injunction against defendant restraining and enjoining the defendant from entering any of the Real Property described in this complaint.

B.    An order entering a temporary restraining order and preliminary injunction against defendant restraining and enjoining defendant from marketing any of the Real Property described in this complaint for sale, filing or continuing any action to foreclose upon any security interest in the Property, conveying any interest whatsoever in any of said real property to anyone other than Plaintiff.

C.    A judgment in favor of Conservatee and the Conservatorship and against defendant Assessing double damages against Respondents and in favor of the estate pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

D.    A judgment in favor of Conservatee and the Conservatorship and against defendant for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

/ / /

/ / /

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 21

1

## DEMAND FOR JURY TRIAL

2          Plaintiff demands trial by jury

3

4    DATED: December 8, 2008          Law Office of GUY A. LEEMHUIS
                                      Law Office of PAUL E. LEE
5

6

7                                     By:_____
                                             PAUL E. LEE
8                                     Attorneys for Grover Burnett Jr., Conservator
                                      of the Person and Co-Conservator of the
9                                     Estate of Grover Burnett Sr.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FORM B104 (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| GROVER BURNETT JR., Conservator of the Person and Co-conservator of the Estate of Grover Burnett Sr. | MARCUS J. SAMPSON II, and All Persons Claiming an Interest In the Real Property Described in the Complaint, |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| PAUL E. LEE, SBN 117453 Law Office of Paul E. Lee 414 South Marengo Ave. Pasadena, CA 91101-3113 Tel. (626) 440-5971 Fax. (626) 449-4417 | MARCUS J. SAMPSON II, Pro Se |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor   ☐ Other ☐ Trustee | ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DETERMINE INTERESTS AND ESTABLISH CONSERVATORSHIP ESTATE'S OWNERSHIP OF AND QUIET TITLE TO REAL ROPERTY AND DIRECTING ITS TRANSFER TO ESTATE, AND FOR INTEREST AND DAMAGES.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[4] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

BY FAX

RECEIVED
DEC 09 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 5.92 mil. |

Other Relief Sought
Monetary Damages, Statutory Penalties

FORM B104 (08/07), page 2                                                2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| MARCUS J. SAMPSON II | 2:08-BK-25932-SB |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Los Angeles | Samuel L. Bufford |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
|  |  |  |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
|  |  |  |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
|  |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| December 8, 2008 | PAUL E. LEE |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| PAUL E. LEE, SBN 117453<br>414 South Marengo Ave.<br>Pasadena, CA 91101-3113<br>Tel: (626) 440-5971 Fax: (866) 853-2197<br><br>GUY A. LEEMHUIS, SBN 208098<br>5601 West Slauson Ave., Ste 244<br>Culver City, CA 90230<br><br>*Attorney for Plaintiff* Attorneys for Grover Burnett Jr., Conservator | |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>    MARCUS J. SAMPSON II<br><br><br>                                                        Debtor. | CHAPTER 7<br><br>CASE NUMBER 2:08-BK-25932-SB<br><br>ADVERSARY NUMBER |
| GROVER BURNETT JR., Conservator of the Person and<br>Co-conservator of the Estate of Grover Burnett Sr.,                Plaintiff(s),<br><br>                                vs.<br><br>MARCUS J. SAMPSON II,<br>                                                        Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE** |

**TO THE DEFENDANT:** A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ❑  **255 East Temple Street, Los Angeles** | | ❑  **411 West Fourth Street, Santa Ana** | |
| ❑  **21041 Burbank Boulevard, Woodland Hills** | | ❑  **1415 State Street, Santa Barbara** | |
| ❑  **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

                                        **JON D. CERETTO**
                                        **Clerk of the Bankruptcy Court**


                                        By: _____
                                                    *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                        **F 7004-1**

Summons and Notice of Status Conference - *Page 2*                    **F 7004-1**

| In re | CHAPTER 7 |
|---|---|
| MARCUS J. SAMPSON II | |
| Debtor | CASE NUMBER 2:08-BK-25932-SB |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  I am employed in the County of LOS ANGELES                    , State of California.  I am over the age of 18 and not
    a party to the within action.  My business address is as follows:

    414 South Marengo Ave.
    Pasadena, CA 91101-3113

2.  ☒  **Regular Mail Service:** On December            , 2008                    , I served the foregoing Summons and Notice of
    Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on
    the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with
    postage thereon fully prepaid in the United States Mail at _____, California, addressed as set
    forth below.

3.  ❑  **Personal Service:** On _____, personal service of the foregoing Summons and Notice of
    Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was
    made on the Defendant(s) at the address(es) set forth below.

4.  Defendant(s) and address(es) upon which service was made:

    MARCUS J. SAMPSON II
    6201 S. Normandie Avenue
    Los Angeles, CA 90044

    ❑  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December _____, 2008

PAUL E. LEE
_____                    _____
*Type Name*                                    *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                  **F 7004-1**