PAUL E. LEE, SBN 117453
414 South Marengo Ave.
Pasadena, CA 91101-3113
Tel: (626) 440-5971 Fax: (866) 853-2197

GUY A. LEEMHUIS,  SBN 208098
5601 West Slauson Ave., Ste 244
Culver City, CA 90230
Tel: (310) 215-8720 Fax: (310) 215-8728

Attorneys for Grover Burnett Jr., Conservator
of the Person and Co-Conservator of the
Estate of Grover Burnett Sr.

FILED

DEC 24 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. SAMPSON II,<br><br>Debtor, | ) CASE NO.  **2:08-BK-25932-SB**<br>) Chapter 7<br>)<br>)<br>) |
| GROVER BURNETT JR.,<br>Conservator of the Person and Co-<br>conservator of the Estate of Grover<br>Burnett Sr.,<br><br>Plaintiff,<br><br>vs.<br><br>MARCUS J. SAMPSON II,<br><br>Defendants. | ) Adv. Proc. No. **08-01973-SB**<br>)<br>) **FIRST   AMENDED   COMPLAINT**<br>) **TO DETERMINE INTERESTS AND**<br>) **ESTABLISH  ONSERVATORSHIP**<br>) **ESTATE'S OWNERSHIP OF AND**<br>) **QUIET TITLE TO REAL ROPERTY**<br>) **AND DIRECTING ITS TRANSFER**<br>) **TO     ESTATE,     AND     FOR**<br>) **INTEREST AND DAMAGES.**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>) |

*BY FAX*

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9110

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson - LA-2:08-BK-25932-SB

Plaintiff GROVER BURNETT JR., Conservator of the Person and Co-conservator of the ESTATE OF GROVER BURNETT SR., for Plaintiff's Complaint against the defendant alleges:

1. Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of Debtor/Defendant MARCUS J. SAMPSON II, filed on September 26, 2008 and presently pending before this court. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) as this proceeding relates to the size, content and nature of the estate therefore effecting the administration of the estate.

4. This is an adversary proceeding in which GROVER BURNETT SR., an individual whose age is 72 years (Conservatee) is the equitable and beneficial owner of the real property described in this complaint alleged by defendant MARCUS SAMPSON II to be part of the bankruptcy estate.

5. Plaintiff brings this action on behalf of the Conservatee to quiet title and eject defendant MARCUS SAMPSON II and the bankruptcy estate from the real property described in this complaint. Plaintiff reserves the right pursue any and all claims with respect to said real property against all others who have recorded documents or otherwise caused a cloud upon the Conservatee's title to the subject real properties related to any purported transfer or conveyance of title or any interest in any of said properties by or aided by defendant MARCUS SAMPSON, II. A petition to establish Conservatee's ownership of said real properties under California Probate Code §850 in Los Angeles Superior Court Case No. BP098574 (Superior Court Probate Action) previously filed against defendant MARCUS

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 2

SAMPSON, II and others claiming an interest in said real properties is presently stayed the automatic stay herein and by order of the Probate Court. Plaintiff also seeks damages for the fraudulent representations, fraud, and forgeries committed by defendant MARCUS SAMPSON, II.

6.      Conservatee is the equitable and beneficial owner of the following parcels of real property alleged by defendant MARCUS SAMPSON II to be part of the bankruptcy estate:

A.      Real property located at 1408 West 62nd Street, Los Angeles, CA 90003, more particularly described as follows: TRACT # 5687 Lots 117 in the office of the County Recorder of said County. Assessor's Parcel Number 6002-026-025. (1408 West 62nd Street property).

B.      Real property located at 9051 (aka 9049) South Normandie, Los Angeles, CA 90044, more particularly described as follows: TRACT NO 6440 EX OF STS LOT 181 in the office of the County Recorder of said County. Assessor's Parcel Number 6037-021-013 (9051 South Normandie property).

C.      Real property located at 1214 East 99th Street. Los Angeles, CA 90002, more particularly described as follows: Lot 173 and 174 of York Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 8, Page(s) 75 of Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6049-021-014 (1214 East 99th Street property).

D.      Real property located at 9330 Parmelee Avenue, Los Angeles, CA 90002, more particularly described as follows: Lot 18 of Block "C", Tract 5671, in the City of Los Angeles, County of Los

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB     Page 3

Angeles, State of California, as per map recorded in Book 66 Page (s) 84 and 85 of maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6049-008-026 (9330 Parmelee Ave. property).

E.    Real property located at 1414 West 54h Street, Los Angeles, CA 90062, more particularly described as follows: The East 32 Feet of Lot 4 in Block "E" of Western Avenue Park Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 11, Page 72 of Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 5003-0 17-003 (1414 West 54th Street property).

F.    158 W. 81st St. Los Angeles, CA, more particularly described as follows: Ingham's Main St And Moneta Ave Tract W 50 Ft of N 133.33 Ft of Lot Blk 2 , Assessor's Parcel Number 6031-030-023 (158 W. 81st St. property).

G.    11410-12 S. Berendo Ave.  Los Angeles, CA, more particularly described as follows: Amended Map of Athen Heights Lot 43, Assessor's Parcel Number 6079-020-003 (11410-12 S. Berendo Ave. property).

Conservatee is also the equitable and beneficial owner of the following parcels of real property in which defendant MARCUS SAMPSON II claims or claimed an interest but failed to schedule as part of the bankruptcy estate:

J.    Real property located at 3910 Walton Ave, Los Angeles, CA 90037, more particularly described as follows: REMICK PLACE LOT 3 in the office of the County Recorder of said County. Assessor's Parcel Number 5037-020-021 (3910 Walton Ave. property).

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9110

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 4

K.   Real property located at 426 East 84th Place, Los Angeles, CA 90003, more particularly described as follows: Tract No 26, Lot 41, Block 10 in the office of the County Recorder of said County. Assessor's Parcel Number 6030-027-023 (426 East 84th Place property).

L.   Real property located at 1814 West 65" Place, Los Angeles, CA 90047, more particularly described as follows: TRACT # 6596 East 37 Feet of Lot 242 as recorded in Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6016-011-012 (1814 West 65th Place property).

M.   Real property located at 625 West 74th Street, Los Angeles, CA 90044, more particularly described as follows: Lot (s) 88 of Figueroa Boulevard Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 10, Page(s) 132 of Maps, in the office of the County Recorder of said County. Assessor's Parcel Number 6020-025-029 (625 West 74th Street property).

N.   Real property located at 634 110th Street, Los Angeles, California 90044, more particularly described as follows: Lot 171 of Tract No. 2273 in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 23 Page(s) 130 and 13 1 of Maps in the Office of the County Recorder of Los Angeles County. Assessor's Parcel Number 6075-017-006 (634 110th Street property);

O.   Real property located at 6706 6th Avenue, Los Angeles, California 90043, more particularly described as follows: Lot 2 in Block 3 of Tract No. 5452 in the City of Los Angeles, County of

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2 08-BK-25932-SB    Page 5

Los Angeles, State of California, as per map recorded in Book 60 Page(s) 74 of Maps filed in the Office of the County Recorder of Los Angeles County. Assessor's Parcel Number 4008-013-002 (6706 6th Ave. property).

P.   Real property located at 5349 Brynhurst Avenue, Los Angeles, California 90043, more particularly described as follows: Lot 189 of Tract No. 91 1 in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 16 Page(s) 188 of Maps in the Office of the County Recorder of Los Angeles County. Assessor's Parcel Number 5007-001-010. (5349 Brynhurst Ave.).

(collectively, the Real Property).

6.   Conservatee is the victim of fraudulent acts by defendant MARCUS SAMPSON II whereby said defendant fraudulently obtained or caused others to obtain purported title to Conservatee's Real Property and in turn conveyed or caused to be conveyed purported title, mortgages and/or other liens in Conservatee's Real Property to others. Plaintiff reserves the right to pursue any and all claims with respect to said real property against persons or entities other than defendant MARCUS SAMPSON in the Superior Court Probate Action and seeks no relief against those parties herein.

7.   Plaintiff GROVER BURNETT JR. (Conservator) is the court-appointed Conservator of the Person and Co-conservator of the estate of GROVER BURNETT SR. (Conservatee) pursuant to an order of the Probate Department of the Los Angeles Superior Court issued on August 28, 2006 in the Matter of the Conservatorship of Grover Burnett, Sr., Los Angeles Superior Court case no. BP 096574 (Conservatorship) which among other

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 6

things grants him power and authority to commence and defend litigation on behalf of the estate. Conservatee is the equitable and beneficial owner of real property described in this Complaint. As Conservator of the Person and Co-conservator of the Conservatee's Estate, the equitable and beneficial owner of the subject properties, Plaintiff has standing to bring this suit on the behalf of Conservatee which is a creditor and claims a beneficial and equitable interest in real property purported to be a part of the bankruptcy estate of defendant MARCUS J. SAMPSON II.

8.      Defendant MARCUS J. SAMPSON II (defendant or debtor) is the debtor in this chapter 7 case (bankruptcy).

9.      The basis of Estate's title is that prior to the acts alleged in and within four years of the filing of this complaint, GROVER BURNETT SR. (Conservatee) was seized and possessed and was the sole owner in fee simple of the above-described Real Property and that defendant MARCUS SAMPSON falsely and fraudulently obtained from Conservatee a purported claim or interest in the said Real Property as alleged herein.

**COUNT I – QUIET TITLE**

10. Prior to 2003 Conservatee was a successful professional real estate broker. Prior to or in or about early 2003 Conservatee's health began to decline and his condition steadily worsened to the point that he was unable to care for himself. Conservatee's continuous daily behavior exhibited signs of pronounced dementia including without limitation memory loss and confusion that progressively worsened.

11.      In August 2004 Conservatee was diagnosed with Alzheimer's disease requiring 24 hour supervision and care. Conservatee was prescribed dementia medication for the treatment of Alzheimer's disease.

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9101

12.   As a result of his Alzheimer's disease and dementia attendant thereto Conservatee lacked the capacity to manage his property and affairs or to give informed consent with respect thereto.

13.   Prior to the onset of Conservatee's dementia resulting from his Alzheimer's disease defendant MARCUS SAMPSON II had been a long time acquaintance of Conservatee and was employed by Conservatee in position of trust as a property manager with access to Conservatee's books, records, property and assets.

14.   Subsequent to the onset of Conservatee's dementia and prior to commencement of the conservatorship, defendant MARCUS SAMPSON II gained control of Conservatee's property, assets and finances without the consent of Conservatee.

15.   Defendant MARCUS SAMPSON II was able to gain control of Conservatee's property, assets and finances by pretending to assist Conservatee with his financial affairs but in actuality defendant MARCUS SAMPSON II, in collusion with others, was systematically converting all or nearly all of Conservatee's assets and property for his own use and benefit and that of others.

16.   In furtherance of the scheme to defraud Conservatee and convert Conservatee's assets and property for their own benefit and use defendant MARCUS SAMPSON II and others caused the Real Property to be transferred to himself and/others for no or inadequate consideration. Certain parcels of the Real Property were then re-sold a short time later at substantial profit.

17.   As a direct and proximate result thereof defendant MARCUS SAMPSON II's purported claim of an interest in the Real Property is unsupported by adequate or any consideration and materially fails and is

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 8

insufficient to support said purported claim of interest. As a direct and proximate result, Conservatee has been and will continue to be damaged in an amount not as yet ascertained.

18.   At all relevant times defendant MARCUS SAMPSON II knew, should have known or with reasonable care would have known that Conservatee lacked the capacity to give informed consent with respect to the transfer of his assets and Real Property and took advantage of Conservatee's diminished capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto by systematically converting Conservatee' s assets and property for their own benefit and use and that of others.

19.   Among other acts in furtherance of defendant MARCUS SAMPSON II's scheme to defraud Conservatee and convert Conservatee's assets and property for his own benefit and use and that of others, defendant MARCUS SAMPSON II aided, abetted and conspired with Conservatee's nephew to cause three parcels of Conservatee's real property to be transferred for no or inadequate consideration; two of the parcels of Conservatee's real property were again transferred to others a short time later at substantial profit. At all relevant times defendant MARCUS SAMPSON II and Conservatee's nephew acted as caretakers for Conservatee and had actual personal knowledge of Conservatee's diminished capacity as a result of his Alzheimer's disease and dementia attendant thereto prior to and at the time of the Real Property transfers described herein.

20.   Defendant MARCUS SAMPSON II and the bankruptcy estate claim an interest adverse to Conservatee in one or more of the above-

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MAREHGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 9

described parcels of the Real Property as a purported record owner, lien holder, assignee and/or successor of Conservatee and/or fraudulently transferred or caused to be transferred such and interest to others.

21.   The signatures on documents · purporting to effectuate the conveyance of Conservatee's Real Property to defendant MARCUS SAMPSON II and others are the result of forgery and are not the actual signature of Conservatee. Numerous said documents were notarized by the same notary who acted in collusion with defendant MARCUS SAMPSON II . Further most if not all the transactions were also handled by the same escrow company which also acted in collusion with defendant MARCUS SAMPSON II.

22.   Conservatee did not knowingly execute any documents with the intent to transfer any interest in Conservatee's Real Property to defendant MARCUS SAMPSON II or anyone else.

23.   Conservatee did not authorize defendant MARCUS SAMPSON II or anyone else to execute any documents on his behalf including any document effectuating any transfer or conveyance of any purported title, mortgages and/or other liens in Conservatee's Real Property to defendant MARCUS SAMPSON II or anyone else or to accept, receive or transfer any funds or proceeds therefrom. Plaintiff has named other individuals and entities in the Superior Court Probate Action and reserves the right to pursue any and all claims with respect to said real property against said individuals and entities in the Superior Court Probate Action. For this reason said individuals and entities have not been named in this complaint.

24.   The actions of defendant MARCUS SAMPSON II as alleged herein were done with the intent to permanently deprive Conservatee of his ownership, title and interest in the Real Property and to obtain such

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9110

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 10

ownership, title and interest in the Real Property or the monetary value thereof for defendant MARCUS SAMPSON II's own use and benefit and/or that of others procured through fraud and forgery and as such are and void and did not convey title.

25.   Plaintiff seeks to determine the interests and establish conservatorship estate's ownership of and quiet title to Real Property and obtain an order directing its transfer to the Conservatee's estate, and for interest and damages. The purported claims of defendant MARCUS SAMPSON II and the bankruptcy estate adverse to Conservatee in one or more of the above-described parcels of the Real Property constitute a cloud on Conservatee's title and are without any right whatever and defendant MARCUS SAMPSON II and the bankruptcy estate have no right, title, estate, lien, or interest whatever in the Real Property or any part thereof.

26.   Plaintiff seeks to quiet title to the Real Property in Conservatee as against defendant MARCUS SAMPSON II as of the date on which Conservatee lacked the capacity to give informed consent with respect to the transfer of his assets and Real Property as a result of his diminished capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto. Plaintiff reserves the right to pursue any and all claims with respect to said real property against said individuals and entities in the Superior Court Probate Action and for this reason does not seek relief against such individuals and entities herein.

27.   Unless title to the Real Property is quieted in Conservatee and defendant MARCUS SAMPSON II and others are enjoined from asserting their purported adverse claims to Conservatee's property, defendant and others will continue to assert said claims and will cause irreparable harm,

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 11

damage and injuries in that Conservatee's Real Property will subject to said claim.

28.    Conservatee has no clear, adequate or speedy remedy at law or otherwise for the harm done and threatened to be done by defendant MARCUS SAMPSON II as alleged herein. Conservatee cannot adequately be compensated for his injuries in an action at law. The amount of damages Conservatee will sustain as a result of the acts of MARCUS SAMPSON II as alleged herein is not susceptible to accurate calculation.

29.    As a direct and proximate result of the above-alleged conduct of defendant MARCUS SAMPSON II Conservatee has suffered damages in an amount according to proof.

WHEREFORE Plaintiff seeks the following relief:

A.    A declaration that any purported interest in any of the Real Property described in this complaint alleged to be that of defendant MARCUS SAMPSON II and/or the bankruptcy estate, if any, was obtained by fraud and/or undue influence and conveys no title or other interest to defendant MARCUS SAMPSON II and/or the bankruptcy estate in any of said Real Property.

B.    An order quieting title declaring that GROVER BURNETT SR./ ESTATE OF GROVER BURNETT SR. is in fact the legal title holder to the Real Property described in this complaint and that defendant MARCUS SAMPSON II and/or the bankruptcy estate have no right, claim or title therein.

C.    A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship,

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 12

1  attorney's fees for prosecuting this Adversary Proceeding and other relief this

2  Court deems reasonable and just.

3      D.    A judgment in favor of Conservatee and the Conservatorship

4  and against defendant MARCUS SAMPSON II Assessing double damages

5  against  defendant MARCUS SAMPSON II and in favor of the estate

6  pursuant to California Probate Code Section 859 for willful, knowing, bad

7  faith taking of the estate property.

8  **COUNT II - EJECTMENT**

9      30.    Plaintiff realleges all previous paragraphs of this complaint and

10  incorporates them by reference at this point as though they were fully

11  realleged herein.

12      31.    Defendant MARCUS SAMPSON II is a trespasser and is not

13  entitled to possession of the Real Property described in this Complaint.

14      32.    Plaintiff is entitled to quiet enjoyment of the Real Property

15  described in this complaint as against defendant MARCUS SAMPSON II

16  and/or the bankruptcy estate and further entitled to possession of the Real

17  Property described in this Complaint pursuant to its equitable and beneficial

18  interest in said properties.

19      WHEREFORE Plaintiff seeks the following relief:

20      A.    A declaration that any purported interest in any of the Real

21  Property described in this complaint alleged to be that of defendant MARCUS

22  SAMPSON II and/or the bankruptcy estate, if any, was obtained by fraud

23  and/or undue influence and conveys no title or possessory interest in any of

24  said Real Property.

25      B.    An order quieting title declaring that GROVER BURNETT SR./

26  ESTATE OF GROVER BURNETT SR. is in fact the legal title holder to the

27  Real Property described in this complaint and that defendant MARCUS

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9110

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson - 2:08-BK-25932-SB    Page 13

SAMPSON II and the bankruptcy estate have no right, claim or title therein.

C.    An order ejecting defendant MARCUS SAMPSON II and the bankruptcy estate from possession of the Real Property described in this complaint and granting Plaintiff possession to the exclusion of defendant MARCUS SAMPSON II and the bankruptcy estate.

D.    A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

E.    A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II assessing double damages against  defendant MARCUS SAMPSON II and in favor of  Conservatee pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

**COUNT III - INJUNCTION**

33.    Plaintiff realleges all previous paragraphs of this complaint and incorporates them by reference at this point as though they were fully realleged herein.

34.    Each parcel of the Real Property described in this complaint is unique in and of itself and its loss does not have an adequate remedy at law.

35.    Plaintiff is entitled to possession of the Property and defendant MARCUS SAMPSON II is a trespasser with no right of possession to the Real Property described in this complaint.

36.    Defendant MARCUS SAMPSON II has no right, title or interest in the Real Property described in this complaint.

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 14

WHEREFORE Plaintiff seeks the following relief:

A.   An order entering a temporary restraining order and preliminary injunction against defendant MARCUS SAMPSON II restraining and enjoining the defendant MARCUS SAMPSON II from entering any of the Real Property described in this complaint.

B.   A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

C.   A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II assessing double damages in favor of the estate pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

## COUNT IV - FRAUD

37.   Plaintiff realleges all previous paragraphs of this complaint and incorporates them by reference at this point as though they were fully realleged herein.

38.   At all relevant times prior to and at the time defendant MARCUS SAMPSON II gained control and purported title to Conservatee's Real Property as alleged herein, as a result of the onset and progression of his Alzheimer's disease and dementia attendant thereto Conservatee lacked the mental capacity to manage his property and affairs or to give informed consent with respect thereto or to knowingly transfer or consent to the transfer of any of the Real Property as described herein.

/ / /

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 15

39.   At all relevant times prior to and at the time defendant MARCUS SAMPSON II gained control and purported title to Conservatee's Real Property as alleged herein, defendant MARCUS SAMPSON II was a trusted employee of Conservatee and also acted as caretaker to Conservatee. Defendant MARCUS SAMPSON II held a position of trust with unfettered access to manage and control Conservatee's personal and financial affairs and business and personal books and records including without limitation records pertaining to the Real Property despite Conservatee's lack of consent thereto.

40.   By virtue of defendant MARCUS SAMPSON II's position of trust and Conservatee's lack of mental capacity to manage his property and affairs or to give informed consent with respect thereto as a result of the onset and progression of his Alzheimer's disease and dementia attendant thereto, defendant MARCUS SAMPSON II owed a fiduciary duty to Conservatee with respect to management and protection of Conservatee's personal and business financial and other affairs including without limitation the Real Property.

41.   Defendant MARCUS SAMPSON II breached said duty to Conservatee by taking control of Conservatee's personal and business financial and other affairs including gaining control and purported title to Conservatee's Real Property as alleged herein without Conservatee's knowledge or consent and despite that such was not the true intent of Conservatee whose free will was overcome by fraud and the undue influence exerted over Conservatee by defendant MARCUS SAMPSON II.

42.   The fraud and undue influence exerted over Conservatee by defendant MARCUS SAMPSON II, on information and belief, consisted of defendant MARCUS SAMPSON II taking control of Conservatee's personal

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9110

and business financial and other affairs including gaining control and purported title to Conservatee's Real Property as alleged herein without Conservatee's knowledge or consent and despite that such was not the true intent of Conservatee as follows:

a.      At the time defendant MARCUS SAMPSON II obtained control and purported title to Conservatee's Real Property as alleged herein Conservatee was 72 years of age at the time and was suffering from, among other ailments, dementia, causing severe memory loss, incoherence, and an inability to manage his property and affairs. Conservatee was infirm and in a weak and diminished mental and physical condition.

b.      Defendant   MARCUS   SAMPSON   II   assisted   by Conservatee's nephew became the caretaker and self- designated decision maker for Conservatee for a period of not less than two years, prior, up to and including the time of the purported acquisition by defendant MARCUS SAMPSON II of Conservatee's Real Property.

c.      At all relevant times prior to and at the time defendant MARCUS SAMPSON II gained control and purported title to Conservatee's Real Property as alleged herein, Conservatee reposed trust, confidence and reliance in defendant MARCUS SAMPSON II and said defendant exercised ostensible authority over the affairs and actions of Conservatee as well as a controlling influence over the mind and actions of  Conservatee to such an extent Conservatee involuntarily and/or without his knowledge and consent surrendered his free will to defendant MARCUS SAMPSON II.

d.      Taking advantage of his position of trust, confidence, knowledge and influence, along with the Conservatee's weakened and diminished mental and physical condition, diminished mental capacity and inability to manage his financial affairs and property, defendant MARCUS

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 17

SAMPSON II controlled and dictated the terms of the purported acquisition by said defendant of Conservatee's Real Property, and caused documents purporting to effectuate such acquisitions to be executed. At all such time Conservatee was wholly under the influence and control of defendant MARCUS SAMPSON II and none of the purported conveyances of title to Conservatee's Real property to defendant MARCUS SAMPSON II and others were free and voluntary acts of the Conservatee but were effectuated by the control and undue influence of defendant MARCUS SAMPSON II.

e.      The signatures on documents purporting to effectuate the conveyance of Conservatee's Real Property to defendant MARCUS SAMPSON II and others are the result of forgery and are not the actual signature of Conservatee. Numerous said documents were notarized by the same notary who acted in collusion with defendant MARCUS SAMPSON II . Further most if not all the transactions were also handled by the same escrow company which also acted in collusion with defendant MARCUS SAMPSON II.

f.      Conservatee did not knowingly execute any documents with the intent to transfer any interest in Conservatee's Real Property to defendant MARCUS SAMPSON II or anyone else.

g.      Conservatee did not authorize defendant MARCUS SAMPSON II or anyone else to execute any documents on his behalf including any document effectuating any transfer or conveyance of any purported titlein Conservatee's Real Property to defendant MARCUS SAMPSON II or anyone else or to accept, receive or transfer any funds or proceeds therefrom.

h.      Defendant MARCUS SAMPSON II obtained or caused others to obtain purported title to Conservatee's Real Property and in turn

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 9101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 18

conveyed or caused to be conveyed purported title, mortgages and/or other liens in Conservatee's Real Property to others without any prior notice to or consent from Conservatee who by virtue of Conservatee's diminished capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto could not and did not receive such notice or give such consent. Plaintiff reserves the right to pursue any and all claims with respect to said real property against individuals and entities other than defendant MARCUS SAMPSON II in the Superior Court Probate Action and for this reason does not seek relief against such individuals and entities herein.

43.    The actions of defendant MARCUS SAMPSON II as alleged herein were done with the intent to permanently deprive Conservatee of his ownership, title and interest in the Real Property and to obtain such ownership, title and interest in the Real Property or the monetary value thereof for defendant MARCUS SAMPSON II's own use and benefit and/or that of others.

44.    As a direct result of the actions of defendant MARCUS SAMPSON II in fraudulently depriving Conservatee of his ownership, title and interest in the Real Property as alleged herein Conservatee has been divested and deprived of such ownership, title and interest and has incurred substantial damages including without limitation the loss of the Real Property, loss of proceeds from the encumbrance or sale of the Real Property, incurring expenses for his care and medical treatment that would have otherwise bee paid by Conservatee from  the value and process of the Real Property, attorney's fees in prosecuting an action to recover his Real

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 19

Property in the Conservatorship and attorney's fees prosecuting this Adversary Proceeding.

WHEREFORE, Plaintiffs seek the following relief:

A.    A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

B.    A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II assessing double damages against  defendant MARCUS SAMPSON II and in favor of the estate pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

## COUNT V – VIOLATION OF CALIFORNIA ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT

45.    Plaintiff realleges all previous paragraphs of this complaint and incorporates them by reference at this point as though they were fully realleged herein.

46.    Defendant MARCUS SAMPSON II obtained or caused others to obtain purported title to Conservatee's Real Property and in turn conveyed or caused to be conveyed purported title, mortgages and/or other liens in Conservatee's Real Property to others without adequate or any consideration and without any prior notice to or consent from Conservatee who by virtue of Conservatee's diminished capacity and inability to manage his property and affairs or to give informed consent with respect thereto as a result of his Alzheimer's disease and dementia attendant thereto could not and did not

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 20

receive such notice or give such consent. Plaintiff reserves the right to pursue any and all claims with respect to said real property against individuals and entities other than defendant MARCUS SAMPSON II in the Superior Court Probate Action and for this reason does not seek relief against such individuals and entities herein.

47.   The actions of defendant MARCUS SAMPSON II as alleged herein were done with the intent to permanently deprive Conservatee of his ownership, title and interest in the Real Property and to obtain such ownership, title and interest in the Real Property or the monetary value thereof for defendant MARCUS SAMPSON II's own use and benefit and/or that of others.

48.   In so acting defendant MARCUS SAMPSON II violated the Elder Abuse and Dependent Adult Civil Protection Act by taking financial advantage of Conservatee by taking, hiding, appropriating and/or retaining and/or assisting in taking, hiding, appropriating and/or retaining Conservatee's Real Property and/or the proceeds therefrom.

49.   At all relevant times Conservatee was 65 years of age or older and/or a dependent adult.

50.   Defendant MARCUS SAMPSON II took, hid, appropriated and/or retained and/or assisted in taking, hiding, appropriating and/or retaining Conservatee's Real Property for a wrongful use and purpose and with the intent to defraud.

51.   Conservatee was seriously and substantially and seriously harmed by the actions of defendant MARCUS SAMPSON II as alleged herein in that as direct result thereof Conservatee was deprived of his ownership, title and interest in the Real Property and/or the monetary value or proceeds thereof for defendant MARCUS SAMPSON II's own use and

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 21

benefit and/or that of others.

52.    Defendant MARCUS SAMPSON II's conduct was a substantial factor in causing Conservatee's harm.

53.    At all relevant times Conservatee had all right and title to the Real Property and to have the Real Property and the value and proceeds therefrom made readily available to him.

54.    At all relevant times defendant MARCUS SAMPSON II knew or should have known that Conservatee had these rights.

WHEREFORE Plaintiff seeks the following relief:

A.    An order entering a temporary restraining order and preliminary injunction against defendant MARCUS SAMPSON II restraining and enjoining the defendant MARCUS SAMPSON II from entering any of the Real Property described in this complaint.

B.    A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II assessing double damages against  defendant MARCUS SAMPSON II and in favor of the estate pursuant to California Probate Code Section 859 for willful, knowing, bad faith taking of the estate property.

C.    A judgment in favor of Conservatee and the Conservatorship and against defendant MARCUS SAMPSON II for their damages to be proven at trial including value of the Real Property, costs and attorney's fees for prosecuting an action to recover his Real Property in the Conservatorship, attorney's fees for prosecuting this Adversary Proceeding and other relief this Court deems reasonable and just.

/ / /

/ / /

/ / /

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury

DATED: December 23, 2008     Law Office of GUY A. LEEMHUIS
Law Office of PAUL E. LEE

By: _____
PAUL E. LEE
Attorneys for Grover Burnett Jr., Conservator
of the Person and Co-Conservator of the
Estate of Grover Burnett Sr.

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 23

## PROOF OF SERVICE

I am employed in Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 414 South Marengo Avenue, Pasadena, CA 91101. On December 23, 2008, I served the foregoing document(s), described as **FIRST AMENDED COMPLAINT TO DETERMINE INTERESTS AND ESTABLISH ONSERVATORSHIP ESTATE'S OWNERSHIP OF AND QUIET TITLE TO REAL ROPERTY AND DIRECTING ITS TRANSFER TO ESTATE, AND FOR INTEREST AND DAMAGES** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the **ATTACHED SERVICE LIST.**

**[X]**   **BY MAIL**: I deposited such envelope on the above date in the U.S. Mail at Pasadena, California with postage thereon fully prepaid.

**[ ]**   **BY EXPRESS MAIL:** I caused such envelope to be deposited on the above date in the U.S. Mail at Pasadena, California. The envelope was mailed with Express Mail postage thereon fully prepaid.

**[ ]**   **BY CERTIFIED MAIL**: I deposited such envelope on the above date for mailing by Certified United States Mail, Return Receipt Requested in the U.S. Mail at Pasadena, California with postage thereon fully prepaid

**[ ]**   **BY PERSONAL SERVICE** as follows: I **[ ]** delivered **[ ]** caused to be delivered a copy of such document(s) by hand between the hours of 9:00 am. and 5:00 p.m. on the above date to **[ ]** the offices of the addressee as stated on the attached Service List OR **[ ]** the following address:

**[ ]**   **BY OVERNIGHT COURIER SERVICE**: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service on the above date with delivery fees paid or provided for.

**[ ]**   **BY FACSIMILE** as follows: I caused such documents to be transmitted by telecopier to the telephone number of the addressee as stated on the attached Service List.

I am "readily familiar" with the practice in my office for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to ordinary business practice in my office.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 23, 2008 at Pasadena, California.

PAUL E. LEE

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB   Page 24

## **Service List**

Office of the U.S. Trustee

To be served electronically by the court

Debtor/Pro Se

Marcus J. Sampson II
6201 S. Normandie Avenue
Los Angeles, CA 90044

Trustee

JOHN P. PRINGLE
Roquenlore, Pringle & Moore, Inc.
6055 East Washington Blvd., Suite 500
Los Angeles, CA 90040

LAW OFFICE OF
PAUL E. LEE
414 SOUTH MARENGO AVE.
PASADENA, CA 91101

FIRST AMENDED ADVERSARY COMPLAINT TO QUIET TITLE
In Re Sampson – 2:08-BK-25932-SB    Page 25