DUMAS & ASSOCIATES
JAMES A. Dumas, Jr. (SBN# 76284)
Richard Malatt (SBN# 73405)
3435 Wilshire Blvd., Ste. 1045
Los Angeles, CA 90010

Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorney for Debtor
Marcus J. Sampson II

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARCUS J. SAMPSON II,<br><br>        Debtor.<br><br>_____<br><br>GROVER BURNETT, JR.<br><br>    V.<br><br>MARCUS J. SAMPSON II<br><br>_____ | Case No. 2:08-bk-25932-SB<br>    [Chapter 7]<br><br>Adv No. 2:08-ap-01973-SB<br><br>**OPPOSITION OF DEBTOR MARCUS SAMPSON TO MOTION TO COMPEL PRODUCTION BY PLAINTIFF GROVER BURNETT, JR.; DECLARATION OF JAMES A. DUMAS, JR.**<br><br>Date: December 15, 2009<br>Time: 11:00 a.m.<br>Courtroom: 1575 |

COMES NOW the debtor and defendant Marcus Sampson and as and for his opposition to the Motion to Compel herein, represents as follows:

    The within adversary proceeding was effectively dismissed at the initial status conference on March 11 when the Court denied entry of default against the debtor agreeing with the debtor that

prosecution of the within action against him was "stayed by the automatic stay except insofar as it is treated as a claim against the estate" (as reflected in the docket entry entered March 13, 2009) and stated that the case would be "treated as plaintiff's claim in the bankruptcy to which anyone can object." Dumas Declaration, paragraph 2. Although no dismissal order was entered at the time, this was due to the inadvertent failure of debtor's counsel to propose submitting an order. The Court set no further hearings, let alone did it schedule a trial, and it clearly contemplated that the matter had been disposed of. The debtor has never filed an Answer and, other than appearing specially through counsel at the status conference and now in response to this motion, has never appeared as a defendant in the action.

Somehow the Court's clear ruling and bankruptcy principles upon which it was based did not register with plaintiff's counsel. In February, well prior to the March 11 hearing, the trustee had entered into a stipulation with plaintiff allowing it to intervene in the proceeding. Other than signing this stipulation, the trustee has had no involvement in this proceeding whatsoever and, indeed, neither the trustee, nor its counsel, has ever contacted Debtor's counsel regarding any matter relating to the administration of the estate. (As discussed below, claims that the trustee is somehow awaiting the outcome of this proceeding are double hearsay and nonsensical). Notwithstanding the Court's unambiguous statement that this proceeding would not be going forward, in May plaintiff belatedly submitted an order approving the stipulation and, for whatever reason, the Court signed it.

Apparently believing that he had "breathed life" into the proceedings, plaintiff's counsel on May 13, 2009, wrote a letter to debtor's counsel demanding compliance with the document request that is the subject of the within motion. Debtor's counsel responded with a letter dated June 2 (discussed in but not attached to the moving papers but now attached as Exhibit A to the Dumas Declaration), which discusses the above-cited history and which states that "the filing of a motion to compel discovery would be a waste of everyone's time and would give rise to sanctions against your firm." It concludes by stating: "I would respectfully suggest that to the extent that you have anything you can accomplish for your client you should be dealing with the trustee and his counsel, Ms. Fraser, not my client." The letter attaches a proposed order dismissing the adversary proceeding which it says will be submitted to the Court. For whatever reason, defendant's counsel does not now have a copy of that proposed Order and must now presume that it was never submitted to the Court. A new proposed order is attached as Exhibit B to the Dumas Declaration which the Debtor would propose to upload after the hearing on this motion.

Plaintiff's counsel immediately responded to the letter of June 2, asserting that the Court had not intended to dismiss the within proceeding since the Court had stated that the Complaint could be treated as a "claim against the estate." Plaintiff's counsel states that "I believe that all the parties need clarification from the Court as to the status of the adversary proceeding." Exhibit C to Dumas Declaration. Plaintiff further filed an objection to the form of Order that had been attached to

1 the June 2 letter, which objection is attached as Exhibit D to
2 the Dumas Declaration, for the Court's convenience. Presumably
3 because the Court never saw the Order that Debtor's counsel had
4 originally prepared, nothing ever came of this objection.
5     Now we have the within motion.
6     The bottom line for the Debtor is that, to the extent that
7 plaintiff believes that property of the estate belongs to him, he
8 should take the matter up with the trustee. Yet there is no
9 evidence that plaintiff has ever made any such claims to the
10 trustee, let alone that he has ever produced evidence in support
11 of them. As noted above, neither the trustee nor his counsel have
12 ever contacted Debtor's counsel about any matter concerning the
13 administration of the estate, let alone any claims being made by
14 plaintiff. The contention that the trustee is "awaiting the
15 outcome" of this adversary proceeding is double hearsay (see
16 separately filed Evidentiary Objection to Declaration of Paul
17 Lee) and nonsensical.
18     As the Court made clear at the March 11 hearing and its
19 order denying the request for entry of default, prosecution of
20 the action against the Debtor is a violation of the automatic
21 stay. The bottom line for the Court should be that this matter be
22 dismissed in accordance with the terms of the Debtor's proposed
23 Order and without prejudice to whatever claims plaintiff believes
24 he has against the trustee.
25     If and when the trustee requests production of documents
26 from the Debtor pertinent to plaintiff's claims, the Debtor is
27 under a duty to comply and will be happy to do so. Procedures
28 exist for a creditor such as plaintiff to obtain documents from

Main Document    Page 5 of 19

the Debtor but they have not been complied with. The plaintiff's demand for the production in this adversary proceeding and the filing of this motion is a clear violation of the automatic stay.

Dated: December 1, 2009

_____
James A. Dumas, Attorney for Debtor

**DECLARATION OF JAMES A. DUMAS**

I, James A. Dumas, declare that:

1. I am an attorney at law licensed to practice in the State of California and the United States Courts for the Central District of California. I am counsel for the Debtor herein, Marcus Sampson, and am providing this Declaration in support of his opposition to the Motion to Compel Production brought by Grover Burnett in the Adversary Case he has brought against my client.

2. I appeared at the initial status conference on March 11 and argued that the within action was a violation of the automatic stay as to the Debtor. The Court stated in response that it agreed with me and that the complaint would be "treated as plaintiff's claim in the bankruptcy to which anyone can object." Although no dismissal order was entered at the time, I believe that this was solely due to my inadvertent failure to propose to the Court that I submit an order.

3. On May 13, 2009, plaintiff's counsel sent a letter to me demanding compliance with the document request that is the subject of the within motion. I responded with a letter dated June 2, **Exhibit A** hereto. The letter attached a proposed order dismissing the adversary proceeding which it said would be submitted to the Court. For whatever reason, my file does not now contain a copy of that proposed Order and I must now presume that it was never submitted to the Court. A new proposed order is attached as **Exhibit B** hereto which I would propose to upload after the hearing on this motion.

4. Plaintiff's counsel immediately responded to the letter

of June 2, asserting that the Court had not intended to dismiss the within proceeding since the Court had stated that the Complaint could be treated as a "claim against the estate." Plaintiff's counsel states that "I believe that all the parties need clarification from the Court as to the status of the adversary proceeding." **Exhibit C** hereto. Plaintiff further filed an objection to the form of Order that had been attached to the June 2 letter, which objection is attached as **Exhibit D** hereto, for the Court's convenience. Presumably because the Court never saw the Order that Debtor's counsel had originally prepared, nothing ever came of this objection.

5. Other than one short conversation that I initiated with trustee's counsel, Helen Frazier, prior to the March 11 hearing, I have received no communication from the trustee or Ms. Frazier.

6. I have personal knowledge of the foregoing and, if called as a witness, I would be competent to testify thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of December, 2009, at Los Angeles, California.

_____
James A. Dumas

# EXHIBIT "A"

# EXHIBIT "A"

**DUMAS & ASSOCIATES**
LAWYERS
EQUITABLE PLAZA - Suite 1045
3435 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90010
Ph. (213) 368-5000
Fax: (213) 368-5009

June 2, 2009

<u>Fax: 866 853-2197</u>
Paul E. Lee, Esq.
414 South Marengo Avenue
Pasadena, Ca 91101

**Re: Burnett vs. Sampson**
     **Adv. Case No. 08-1973-SB**

Dear Mr. Lee:

I am responding to your letter of May 13, 2009. As you know, at the status conference in this case on March 10, the judge stated that since the case is nothing more than the assertion of a claim in the bankruptcy (a bankruptcy that does not yet have any funds to be distributed to creditors), the adversary was a violation of the automatic stay. I do not recall the judge asking me to prepare an order and, looking at the docket, I see that the Judge denied the request to enter Mr. Sampson's default on the grounds that the action violated the automatic stay but that has not yet formally dismissed Mr. Sampson as a party. However, in light of your request I have prepared an order dismissing Mr. Sampson without prejudice and plan to submit it to the Court. The proposed order is attached.

I would submit that the dismissal of Mr. Sampson addresses your demand for compliance with the discovery request and I believe that, based on the judge's clearly stated intentions regarding the matter, the filing of a motion to compel discovery would be a waste of everyone's time and would give rise to sanctions against your firm.

I would respectfully suggest that to the extent that you have anything you can accomplish for your client you should be dealing with the trustee and his counsel, Ms. Fraser, not my client.

I am,

Very truly yours,

James A. Dumas

cc: Marcus Sampson

00009

# EXHIBIT "B"

# EXHIBIT "B"

00010

DUMAS & ASSOCIATES
JAMES A. DUMAS, JR., SBN 76284)
RICHARD MALATT, Of Counsel (SBN 73405)
3435 Wilshire Blvd. Ste., 1045
Los Angeles, CA 90010
Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorney Appearing Specially
for Debtor Marcus J. Sampson II

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARCUS J. SAMPSON II<br><br>    Debtor.<br><br>GROVER BURNETT, JR.,<br><br>    v.<br><br>MARCUS J. SAMPSON II | Case No. 2:08-bk-25932-SB<br>    [Chapter 7]<br><br>Adv No. 2:08-ap-01973-SB<br><br>**[PROPOSED] ORDER OF DISMISSAL**<br><br>Date: December 15, 2009<br>Time: 11:00 a.m.<br>Place: Crt. Room 1575<br>    255 E. Temple Street<br>    Los Angeles, CA 90012 |

The Court having ruled that the Amended Complaint on file herein violates the automatic stay as to the only named defendant, the Debtor, Marcus Sampson, the within action is hereby dismissed without prejudice to any claim that plaintiff may hereafter assert against the estate.

Dated: December    ,2009

                                    xxx

-1-

# EXHIBIT "C"

# EXHIBIT "C"

00012

LAW OFFICE OF
# PAUL E. LEE
414 SOUTH MARENGO AVENUE
PASADENA, CALIFORNIA 91101-3113
TELEPHONE (866) 264-1647
FACSIMILE (866) 853-2197

June 2, 2009

**VIA FACSIMILE TO (213) 368-5009 AND U.S. MAIL**

James A. Dumas
Dumas & Associates
3435 Wilshire Blvd.
Suite 1045
Los Angeles, CA 90010

Re: **Burnett v. Sampson, U.S. Bank. Court Adv. Case No.0901973-SB**

Dear Mr. Dumas:

I have a different recollection of what transpired at the status conference on March 17, 2009. I recall that at the outset you represented to the court that the real property in your client's schedules was erroneously listed and that he had no interest in the properties at the time the petition was filed. You also represented to the court that you would be filing amended schedules without the properties within a few weeks thereafter. You made the same representation to me when we spoke by telephone recently, however nearly three months after the status conference this has not occurred. If your client had no interest in the subject properties at the time the petition was filed then amending the schedules to so reflect as you represented to the court would be done would obviate the need to proceed with the adversary action. However if your client continues to claim that he had an interest in those properties at the time the petition was filed and that they are part of the bankruptcy estate, it would seem that the adversary action would be an appropriate mechanism to determine the validity of the claimed interests.

I also recall that when you asked the court during the status conference if the adversary action was dismissed the court replied in the negative. The docket notation for the request for entry of default states that default entry is denied because it is stayed by the automatic stay, except insofar as it is treated as a claim against the estate. There is nothing in the docket to the effect that the adversary action is dismissed and I agree that the court did not instruct you to prepare an order dismissing the adversary action. In fact, on May 11, 2009 the court entered an order allowing the Trustee to intervene in the adversary action. You will recall that during the status conference I advised the court that a claim had been filed by my client. This was done on November 19, 2008. As you know, FRBP 3007(b) allows for determination of the matters at issue in this manner.

00013

James A. Dumas
June 2, 2009
Page 2


I agree that if the adversary action is dismissed a motion to compel discovery responses would be inappropriate at this time but the converse is also true. I believe all the parties need clarification from the court as to the status of the adversary action. You did not request that the parties meet and confer as to your proposed order. Please be advised that my client objects to your proposed order. Request is made that you withdraw the proposed order otherwise I will file an objection thereto.


Very truly yours,

PAUL E. LEE
Lawyer


PEL:ym

C:   Guy A. Leemhuis
     Helen Frazer via facsimile to (562) 653-3333

# EXHIBIT "D"

# EXHIBIT "D"

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Helen R. Frazer    STATE BAR NO. 9262
17871 Park Plaza Drive
Cerritos, California 90703-8597
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

**FILED & ENTERED**

MAY 11 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

Attorneys for Trustee
JOHN PRINGLE

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MARCUS J. SAMPSON II<br><br>Debtor.<br><br>GROVER BURNETT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS J. SAMPSON, II<br><br>Defendant. | CASE NO.    2:08-bk-25932 SB<br><br>CHAPTER 7<br><br>ADV. 2:08-ap-01973 SB<br><br>**ORDER APPROVING STIPULATION TO ALLOW TRUSTEE TO INTERVENE IN ADVERSARY CASE** |

The stipulation between John Pringle, the duly appointed Chapter 7 trustee (the "Trustee") and Adversary Plaintiff, Grover Sampson, Jr. to allow the Chapter 7 Trustee to intervene in the above-captioned adversary case having been signed by the parties and filed with the Court, and good cause appeari

**IT IS HER**

1. The Stipu

DATED: May 11, 2009

_____
United States Bankruptcy Judge

008830.00019/1150584v

00016

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17871 Park Plaza Drive, Cerritos, CA

A true and correct copy of the foregoing document described **Order Approving Stipulation to Allow Trustee to Intevene in Adversary Case** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/26/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

John Pringle, Chapter 7 Trustee:         jpringle@ecf.epiqsystems.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ 2/26/09 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Marcus Sampson, Pro Se
6201 S. Normandie Avenue
Los Angeles, CA 90044

Paul E Lee, Counsel to Plaintiff
414 South Marengo Avenue
Pasadena, CA 91101

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____         /s/ _____

| | | |
|---|---|---|
| Date    2/26/09 | *Helen Ryan Frazer* | Signature |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) Order Approving Stipulation to Intervene
manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

John Pringle, Chapter 7 Trustee:    jpringle@ecf.epiqsystems.com

Helen R. Frazer, Counsel to Trustee:    hfrazer@aalrr.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Marcus Sampson, Pro Se
6201 S. Normandie Avenue
Los Angeles, CA  90044

Paul E Lee, Counsel to Plaintiff
414 South Marengo Avenue
Pasadena, CA 91101

008830.00019/1150584v

-3-

00018

| | |
|---|---|
| In re: Marcus J. Sampson II | CHAPTER: 7 |
| Grover Burnett, Jr v. Marcus J. Sampson II | CASE NUMBER: 2:08-bk-25932-SB |
| Debtor(s). | ADV. NUMBER: 2:08-ap-01973-SB |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3435 WILSHIRE BLVD., STE. 1045, LOS ANGELES, CA 90010

A true and correct copy of the foregoing document described as **OPPOSITION OF DEBTOR MARCUS SAMPSON TO MOTION TO COMPEL PRODUCTION BY PLAINTIFF GROVER BURNETT, JR.; DECLARATION OF JAMES A. DUMAS, JR.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 2, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

James A. Dumas          jamedumas@aol.com
Paul E Lee              pel@pellawoffice.com
John P Pringle          jpringle@ecf.epiqsystems.com, johnppringle@earthlink.net
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **December 2, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Marcus J Sampson
6201 S Normandie Ave
Los Angeles, CA 90044

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 2, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

US Bankruptcy Court
Honorable Samuel Bufford
255 E. Temple St., Crt. RM 1575
Los Angeles, CA 90010

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date  December 2, 2009     Type Name Danielle M. Landeros    Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                           000F99013-3.1