```
DUMAS & ASSOCIATES
JAMES A. Dumas, Jr. (SBN# 76284)
Richard Malatt (SBN# 73405)
3435 Wilshire Blvd., Ste. 1045
Los Angeles, CA 90010

Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorney for Debtor
Marcus J. Sampson II
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARCUS J. SAMPSON II,<br><br>    Debtor.<br>_____<br>GROVER BURNETT, JR.<br><br>    V.<br><br>MARCUS J. SAMPSON II<br>_____ | Case No. 2:08-bk-25932-SB<br>        [Chapter 7]<br><br>Adv No. 2:08-ap-01973-SB<br><br>**OPPOSITION OF DEBTOR MARCUS SAMPSON TO MOTION TO COMPEL PRODUCTION BY PLAINTIFF GROVER BURNETT, JR.; DECLARATION OF JAMES A. DUMAS, JR.**<br><br>Date: January 20, 2010<br>Time: 10:00 a.m.<br>Courtroom: 1575 |

COMES NOW the debtor and defendant Marcus Sampson and as and for his opposition to the Motion to Compel herein, represents as follows:

The debtor and defendant Marcus Sampson hereby reiterates its Opposition to the within motion as previously set forth in his Opposition filed on December 2, 2009. Attached as Exhibit "1"

1

1 | the previous opposition.

2 | Dated: December 30, 2009

_____
James A. Dumas, Attorney for Debtor

# Exhibit "1"

# Exhibit "1"

```
DUMAS & ASSOCIATES
JAMES A. Dumas, Jr. (SBN# 76284)
Richard Malatt (SBN# 73405)
3435 Wilshire Blvd., Ste. 1045
Los Angeles, CA 90010

Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorney for Debtor
Marcus J. Sampson II
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARCUS J. SAMPSON II,<br><br>          Debtor.<br><br>_____<br><br>GROVER BURNETT, JR.<br><br>     v.<br><br>MARCUS J. SAMPSON II<br><br>_____ | Case No. 2:08-bk-25932-SB<br>     [Chapter 7]<br><br>Adv No. 2:08-ap-01973-SB<br><br>**OPPOSITION OF DEBTOR MARCUS SAMPSON TO MOTION TO COMPEL PRODUCTION BY PLAINTIFF GROVER BURNETT, JR.; DECLARATION OF JAMES A. DUMAS, JR.**<br><br>Date: December 15, 2009<br>Time: 11:00 a.m.<br>Courtroom: 1575 |

COMES NOW the debtor and defendant Marcus Sampson and as and for his opposition to the Motion to Compel herein, represents as follows:

The within adversary proceeding was effectively dismissed at the initial status conference on March 11 when the Court denied entry of default against the debtor agreeing with the debtor that

prosecution of the within action against him was "stayed by the automatic stay except insofar as it is treated as a claim against the estate" (as reflected in the docket entry entered March 13, 2009) and stated that the case would be "treated as plaintiff's claim in the bankruptcy to which anyone can object." Dumas Declaration, paragraph 2. Although no dismissal order was entered at the time, this was due to the inadvertent failure of debtor's counsel to propose submitting an order. The Court set no further hearings, let alone did it schedule a trial, and it clearly contemplated that the matter had been disposed of. The debtor has never filed an Answer and, other than appearing specially through counsel at the status conference and now in response to this motion, has never appeared as a defendant in the action.

Somehow the Court's clear ruling and bankruptcy principles upon which it was based did not register with plaintiff's counsel. In February, well prior to the March 11 hearing, the trustee had entered into a stipulation with plaintiff allowing it to intervene in the proceeding. Other than signing this stipulation, the trustee has had no involvement in this proceeding whatsoever and, indeed, neither the trustee, nor its counsel, has ever contacted Debtor's counsel regarding any matter relating to the administration of the estate. (As discussed below, claims that the trustee is somehow awaiting the outcome of this proceeding are double hearsay and nonsensical). Notwithstanding the Court's unambiguous statement that this proceeding would not be going forward, in May plaintiff belatedly submitted an order approving the stipulation and, for whatever reason, the Court signed it.

Apparently believing that he had "breathed life" into the proceedings, plaintiff's counsel on May 13, 2009, wrote a letter to debtor's counsel demanding compliance with the document request that is the subject of the within motion. Debtor's counsel responded with a letter dated June 2 (discussed in but not attached to the moving papers but now attached as Exhibit A to the Dumas Declaration), which discusses the above-cited history and which states that "the filing of a motion to compel discovery would be a waste of everyone's time and would give rise to sanctions against your firm." It concludes by stating: "I would respectfully suggest that to the extent that you have anything you can accomplish for your client you should be dealing with the trustee and his counsel, Ms. Fraser, not my client." The letter attaches a proposed order dismissing the adversary proceeding which it says will be submitted to the Court. For whatever reason, defendant's counsel does not now have a copy of that proposed Order and must now presume that it was never submitted to the Court. A new proposed order is attached as Exhibit B to the Dumas Declaration which the Debtor would propose to upload after the hearing on this motion.

Plaintiff's counsel immediately responded to the letter of June 2, asserting that the Court had not intended to dismiss the within proceeding since the Court had stated that the Complaint could be treated as a "claim against the estate." Plaintiff's counsel states that "I believe that all the parties need clarification from the Court as to the status of the adversary proceeding." Exhibit C to Dumas Declaration. Plaintiff further filed an objection to the form of Order that had been attached to

-3-

the June 2 letter, which objection is attached as Exhibit D to the Dumas Declaration, for the Court's convenience. Presumably because the Court never saw the Order that Debtor's counsel had originally prepared, nothing ever came of this objection.

Now we have the within motion.

The bottom line for the Debtor is that, to the extent that plaintiff believes that property of the estate belongs to him, he should take the matter up with the trustee. Yet there is no evidence that plaintiff has ever made any such claims to the trustee, let alone that he has ever produced evidence in support of them. As noted above, neither the trustee nor his counsel have ever contacted Debtor's counsel about any matter concerning the administration of the estate, let alone any claims being made by plaintiff. The contention that the trustee is "awaiting the outcome" of this adversary proceeding is double hearsay (see separately filed Evidentiary Objection to Declaration of Paul Lee) and nonsensical.

As the Court made clear at the March 11 hearing and its order denying the request for entry of default, prosecution of the action against the Debtor is a violation of the automatic stay. The bottom line for the Court should be that this matter be dismissed in accordance with the terms of the Debtor's proposed Order and without prejudice to whatever claims plaintiff believes he has against the trustee.

If and when the trustee requests production of documents from the Debtor pertinent to plaintiff's claims, the Debtor is under a duty to comply and will be happy to do so. Procedures exist for a creditor such as plaintiff to obtain documents from

-4-

1 | the Debtor but they have not been complied with. The plaintiff's
2 | demand for the production in this adversary proceeding and the
3 | filing of this motion is a clear violation of
4 | the automatic stay.
5 | Dated: December 1, 2009

_____
James A. Dumas, Attorney for Debtor

**DECLARATION OF JAMES A. DUMAS**

I, James A. Dumas, declare that:

1. I am an attorney at law licensed to practice in the State of California and the United States Courts for the Central District of California. I am counsel for the Debtor herein, Marcus Sampson, and am providing this Declaration in support of his opposition to the Motion to Compel Production brought by Grover Burnett in the Adversary Case he has brought against my client.

2. I appeared at the initial status conference on March 11 and argued that the within action was a violation of the automatic stay as to the Debtor. The Court stated in response that it agreed with me and that the complaint would be "treated as plaintiff's claim in the bankruptcy to which anyone can object." Although no dismissal order was entered at the time, I believe that this was solely due to my inadvertent failure to propose to the Court that I submit an order.

3. On May 13, 2009, plaintiff's counsel sent a letter to me demanding compliance with the document request that is the subject of the within motion. I responded with a letter dated June 2, **Exhibit A** hereto. The letter attached a proposed order dismissing the adversary proceeding which it said would be submitted to the Court. For whatever reason, my file does not now contain a copy of that proposed Order and I must now presume that it was never submitted to the Court. A new proposed order is attached as **Exhibit B** hereto which I would propose to upload after the hearing on this motion.

4. Plaintiff's counsel immediately responded to the letter

-6-

of June 2, asserting that the Court had not intended to dismiss the within proceeding since the Court had stated that the Complaint could be treated as a "claim against the estate." Plaintiff's counsel states that "I believe that all the parties need clarification from the Court as to the status of the adversary proceeding." **Exhibit C** hereto. Plaintiff further filed an objection to the form of Order that had been attached to the June 2 letter, which objection is attached as **Exhibit D** hereto, for the Court's convenience. Presumably because the Court never saw the Order that Debtor's counsel had originally prepared, nothing ever came of this objection.

5. Other than one short conversation that I initiated with trustee's counsel, Helen Frazier, prior to the March 11 hearing, I have received no communication from the trustee or Ms. Frazier.

6. I have personal knowledge of the foregoing and, if called as a witness, I would be competent to testify thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of December, 2009, at Los Angeles, California.

_____
James A. Dumas

# EXHIBIT "A"

# EXHIBIT "A"

00008

11

# DUMAS & ASSOCIATES

LAWYERS
EQUITABLE PLAZA - Suite 1045
3435 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90010
Ph. (213) 368-5000
Fax: (213) 368-5009

June 2, 2009

<u>Fax: 866 853-2197</u>
Paul E. Lee, Esq.
414 South Marengo Avenue
Pasadena, Ca 91101

**Re: Burnett vs. Sampson**
   **Adv. Case No. 08-1973-SB**

Dear Mr. Lee:

I am responding to your letter of May 13, 2009. As you know, at the status conference in this case on March 10, the judge stated that since the case is nothing more than the assertion of a claim in the bankruptcy (a bankruptcy that does not yet have any funds to be distributed to creditors), the adversary was a violation of the automatic stay. I do not recall the judge asking me to prepare an order and, looking at the docket, I see that the Judge denied the request to enter Mr. Sampson's default on the grounds that the action violated the automatic stay but that has not yet formally dismissed Mr. Sampson as a party. However, in light of your request I have prepared an order dismissing Mr. Sampson without prejudice and plan to submit it to the Court. The proposed order is attached.

I would submit that the dismissal of Mr. Sampson addresses your demand for compliance with the discovery request and I believe that, based on the judge's clearly stated intentions regarding the matter, the filing of a motion to compel discovery would be a waste of everyone's time and would give rise to sanctions against your firm.

I would respectfully suggest that to the extent that you have anything you can accomplish for your client you should be dealing with the trustee and his counsel, Ms. Fraser, not my client.

I am,

Very truly yours,

James A. Dumas

cc: Marcus Sampson

00009
12

# EXHIBIT "B"

# EXHIBIT "B"

```
DUMAS & ASSOCIATES
JAMES A. DUMAS, JR., SBN 76284)
RICHARD MALATT, Of Counsel (SBN 73405)
3435 Wilshire Blvd. Ste., 1045
Los Angeles, CA 90010
Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorney Appearing Specially
for Debtor Marcus J. Sampson II
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARCUS J. SAMPSON II<br><br>　　　　Debtor.<br><br>GROVER BURNETT, JR.,<br><br>　　　　v.<br><br>MARCUS J. SAMPSON II | Case No. 2:08-bk-25932-SB<br>　　[Chapter 7]<br><br>Adv No. 2:08-ap-01973-SB<br><br>**[PROPOSED] ORDER OF DISMISSAL**<br><br>Date: December 15, 2009<br>Time: 11:00 a.m.<br>Place: Crt. Room 1575<br>　　　255 E. Temple Street<br>　　　Los Angeles, CA 90012 |

The Court having ruled that the Amended Complaint on file herein violates the automatic stay as to the only named defendant, the Debtor, Marcus Sampson, the within action is hereby dismissed without prejudice to any claim that plaintiff may hereafter assert against the estate.

Dated: December　　,2009

　　　　　　　　　　　　　　　xxx

-1-

00011
14